UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN RE: JAMES M. JOHNSON § CIVIL CASE NO. 1:08CV1506
§
§
§ BANKRUPTCY CASE NO.
§ 08-51391-ERG

## ORDER DISMISSING APPEAL

BEFORE THE COURT is James M. Johnson's appeal of the bankruptcy court's order denying Johnson's motion to continue and/or reinstate the automatic stay, and the Appellee's Motion to Strike [13] . After due consideration of the briefs and the record in this case, it is the Court's opinion that the appeal is without merit and should be dismissed. The Motion to Strike will be granted.

FACTS AND PROCEDURAL HISTORY

The debtor in this case, James Johnson, filed his first Chapter 13 bankruptcy case *pro se* in April 2008. The case was dismissed for Johnson's failure to comply with the bankruptcy court's order. He filed a motion to reinstate the case, which was denied on August 19, 2008. The record is not clear on this point, but it appears that Johnson filed a second Chapter 13 bankruptcy case *pro se* on September 16, 2008. Ct. R. 5-2 p. 9. Soon afterward, he filed a motion to impose a stay (Ct. R. 5-2 p. 12) in which he listed as the "reason for stay" certain "complaint files," a privilege license, home business property, and case no. 07-40487 out of the Fifth Circuit Court of Appeals.[1] Attorney John H. Anderson then made an appearance on

---

[1] In the case cited by Johnson, the Fifth Circuit discussed the type of debtors who qualify as single asset real estate ("SARE") debtors, noting that "SARE debtors are carved out and subjected to stringent requirements in § 362(d)(3) which expedite the time for SARE debtors to

Johnson's behalf. Anderson filed new schedules and an amended and second amended motion for continuation of automatic stay on November 12, 2008. The bankruptcy court conducted a hearing and denied the motion on November 20, 2008. Ct. R. 5-2 p. 77. At the hearing, Johnson testified that he had not filed federal or state income tax returns since 2002. Further, he had not made any payments on his real property for nearly five years and had failed to maintain insurance on the property as required. He also acknowledged that he had failed to maintain the property in good condition.² When asked what his average monthly income was, Johnson replied that it was between $400 and $1000 per month, generated from a construction business he owned and odd jobs he performed. The bankruptcy court considered this evidence and determined that there was no point in reinstating or continuing the automatic stay, stating:

> Mr. Johnson has persevered and worked hard to try to resurrect this damaged piece of property -- but it is abundantly clear to the court that he is fighting a winless battle. There's just nothing but maybe just a miracle that can make this 13 ever work if I did grant this motion. There's too much money in arrears. There are too many issues about historic register. There's too many issues about insurance. . . . And I've seen a lot of 13's in the 22 years I've been on the bench. I've never seen one, though, this far underwater in my life. And I don't -- I'm saying this by way of a compliment to Mr. Johnson. To me this is kind of like having a hand pump on the Titanic and saying, "Please give me another two or three weeks to pump water. I think I can save this ship." If truth be known -- and I would be curious to see how this all comes about in years to pass -- it would be a blessing to Mr. Johnson to have this project off his back. There's – you can't, you can't rebuild something this expensive with the very shoestring of cash flow that he's got.

---

file a plan of reorganization or commence making monthly payments, failing which the automatic stay is promptly lifted." *In re Scotia Pac. Co., LLC*, 508 F.3d 214, 225 (5th Cir. 2007). The case does not advance Johnson's arguments for an <u>extension</u> of the automatic stay in this appeal.

² The record on appeal contains records of Johnson's prosecution for code violations in regard to the property.

Ct. R. 7-3 p. 42. The property was foreclosed upon on December 23, 2008. Ct. R. 10-2.

## DISCUSSION

The Appellees make three arguments. First, Johnson is procedurally barred from bringing this appeal, as his brief was filed beyond the time allowed by the Court. Second, Johnson failed to preserve the collateral pending appeal, and therefore the appeal is moot. Finally, Johnson cannot show that the bankruptcy court order was clearly erroneous.

<u>Procedural Bar</u>:

Johnson filed a timely notice of appeal on December 1, 2008, but failed to file a brief as required by the applicable rules. The Court *sua sponte* granted Johnson an extension of time to do so, and then two more extensions of time on Johnson's motion. He was admonished that failure to file a brief within the time allowed may result in dismissal of this appeal. His brief was finally due on March 3, 2009, but he filed it one week later, on March 10.

It is clear that Johnson has failed to comply with the Court's orders, and he was warned that he faced dismissal if he failed to comply. Rule 8001(a) of the Federal Rules of Bankruptcy Procedure allows the district court to dismiss an appeal if the appellant fails to take any step required under the rules for proper prosecution of an appeal. The United States Court of Appeals for the Fifth Circuit has affirmed dismissals of bankruptcy appeals when the appellant failed to file a brief within the required time. *In re Salter,* 251 B.R. 689, 691 (S.D. Miss. 2000) (citations omitted). Because Johnson failed to file a brief within the time allowed by the Court, and has never attempted to show cause for this failure, he has failed to prosecute this appeal. It may be dismissed for this reason.

Failure to Preserve Collateral:

If the Court were to discount the procedural deficiencies in this appeal, it would be faced with the issue of Johnson's failure to preserve the property pending appeal. Following denial of Johnson's motion to reinstate the stay, the subject property was foreclosed upon and sold to the highest bidder. Ct. R. 10-2. It is the debtor's duty to preserve the property pending an appeal.

> Obtaining a stay pending appeal guarantees that the district court will be able to grant adequate relief (i.e.: enjoin the foreclosure). If the debtor fails to obtain a stay, and if the property is sold in the interim, the district court will ordinarily be unable to grant any relief. Accordingly, the appeal will be moot. The mootness doctrine is grounded primarily and originally in the appellate court's inability to fashion relief.

*Matter of Sullivan Cent. Plaza, I, Ltd.*, 914 F.2d 731, 733-34 (5th Cir. 1990). Thus, Johnson's appeal is moot because this Court has no way to fashion relief in his favor.

The Bankruptcy Court Order:

If the Court were to ignore both prior issues and address the merits of the appeal, it would be required to apply the standard of affirming the bankruptcy court's findings of fact unless they are clearly erroneous. FED. R. BANKR. P. 8013; *Matter of Jordan,* 927 F.2d 221, 223-24 (5th Cir. 1991). A finding of fact is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *United States v. U. S. Gypsum Co.,* 333 U.S. 364, 395 (1948).

The Court finds that the bankruptcy court did not commit a mistake in denying Johnson the opportunity to continue to protect the property with a Chapter 13 proceeding. Johnson was $69,503.76 in arrears on the loan, almost $2,000 in arrears on taxes, and had incurred late fees and attorneys fees. Although he now provides evidence that he may have had some insurance in

2005 and paid some amount toward the property in October 2008 and December 2007, that evidence was available to him prior to the bankruptcy court hearing in November 2008 and should have been presented then.  *In re Shah*, 204 Fed. Appx. 357, 359 (5th Cir. 2006).  The Appellees' Motion to Strike these documents will be granted.  Further, the sums represented by the documents are a tiny fraction of the total amount owed by Johnson, *see* Ct. R. 12 p. 6, 7, and have no material effect on his financial circumstances.  Accordingly, the Court finds no error in the bankruptcy court's findings.  The decision should be affirmed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the bankruptcy court's order dated November 20, 2008 is **AFFIRMED** and this appeal is **DISMISSED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Appellees' Motion to Strike [13] is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 25th day of September, 2009.

                                              s/ *Louis Guirola, Jr.*
                                              LOUIS GUIROLA, JR.
                                              UNITED STATES DISTRICT JUDGE

.